| | |
|---|---|
| UNITED STATES BANKRUUPTCY COURT<br>EASTERN DISTRICT NEW YORK<br><br>In re<br>Jacob Fetman,<br>Debtor.<br><br>TAMAR FETMAN,<br>Plaintiff,<br><br>-against-<br><br>ROBERT J. MUSSO, AS TRUSTEE OF THE ESTATE OF JACOB FETMAN, MOSHE FETMAN, YAFA FETMAN and 4305 10TH AVENUE CORP.,<br>Defendants. | Case # 15-43716-nhl<br>COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF INTERESTS IN REAL PROPERTY COMMONLY KNOWN AS 4305 10TH AVENUE, BROOKLYN, NEW YORK |

Plaintiff Tamar Fetman respectfully submits this as and for her complaint ("Complaint") against defendants Robert J. Musso, as trustee of the estate of Jacob Fetman, Moshe and Yafa Fetman and 4305 10th Avenue Corp., seeking to declare and determine the extent and validity of the interests of the parties (including her own interest) in real property identified under Block 5602, Lot 7 in the borough of Brooklyn, commonly known as 4305 10th Avenue, Brooklyn, New York (the "Property"), under, *inter alia*, Rule 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), and states as follows:

THE PARTIES

1. Plaintiff Tamar Fetman ("Ms. Fetman") is the wife of the debtor Jacob Fetman.

2. Defendant Robert J. Musso, is the Trustee of the estate of Jacob Fetman, and, as set forth below, claims an interest in the Property.

3. Defendants Moshe and Yafa Fetman are the parents of the debtor Jacob Fetman and, as set forth below, claim an interest in the Property.

4. Defendants 4305 10th Avenue Corp. transferred the Property by deed on or about October 27, 2011.

JURISDICTIONAL PREDICATE

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A) and 1334.

6. The United States Bankruptcy Court for the Eastern District of New York is the proper venue for this proceeding in accordance with 28 U.S.C. § 1408 and 1409 (a).

7. This adversary proceeding is brought pursuant to 11 U.S.C. § 105 and Rule 7001 of the Federal Rules of Bankruptcy Procedure seeking a declaratory judgment determining the extent and validity of the interests of the parties in the Property.

8. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a core proceeding" as that term is defined in 28 U.S.C. § 157 (b)(2)(A) and Bankruptcy Rules 7001, et seq.

CLAIMS OF OWNERSHIP

9. Ms. Fetman is title owner, along with the debtor, of the Property. 4305 10th Avenue Corp. transferred the Property to her and the debtor by deed which was recorded with the New York City Office of the City Register (Ex. A). Attorney Jon Lefkowitz prepared the deed.

10. In the above-captioned bankruptcy case, the Trustee filed a motion seeking the entry of an order *inter alia* (i) approving bidding procedures with respect to the Trustee's sale of certain real property including the Property; (i) scheduling a hearing to approve the sale to the highest or best bidder, (iii) authorizing the sale free and clear of liens, claims, encumbrances, and interests, and (iv) granting the Trustee such other and further relief as may be just and proper (Doc. 33).[1] The motion is pending as of the filing of this complaint.

11. In the Trustee's response to opposition to the motion, he argues that the Deed shows that the property is in the name of the Debtor only and not in the name of the Debtor and plaintiff (Doc. 57 ¶3). He argues that Tammy's name was crossed out before the deed was recorded. Because it is likely that Tammy's name was crossed out by the Debtor, Tammy, or Moshe Fetman, and the edit was initialed by Mr. Lefkowitz, he argues, that their intent was that Tammy not be an owner of the Property.

---

[1] The Trustee also seeks to have the Court authorize him, through MYC & Associates, Inc., to conduct an auction of the Properties.

12. To the contrary of the trustee's arguments, the attorney and all of the parties intended that title would be transferred to the debtor and Ms. Fetman.

13. Mr. Lefkowitz and Ms. Fetman were present at the closing. At some point Ms. Fetman saw that her name was written as Tamar and requested it be changed to Tammy. Later on it was pointed out that Tamar is her legal name and therefore Tammy was crossed out. Tamar should have been left there.

14. After Ms. Fetman's first name was crossed off the deed, what remains is that title is transferred to "Jacob Fetman and [Tamar crossed out, Tammy crossed out] Fetman, residing at 1743 Ocean Avenue. The only reasonable interpretation of the deed is that she owns the property, along with the debtor. Any other interpretation ignores the fact that it was transferred to two people and the second person can only be Ms. Fetman.

15. As part of the same transaction, Ms. Fetman and the debtor, as owners, granted a mortgage to TD Bank N.A., which was recorded (Ex. B). The name "Tammy" is crossed out and replaced with "Tamar".

16. In opposition to the trustee's motion seeking sale procedures, defendants Moshe and Yafa Fetman, the debtor's parents allege that the property was held by Jacob in constructive trust for them.[2] The trustee claims to the contrary.[3]

---

[2]   The parents allege:
    "Jacob did not and does not have an actual interest in the Properties, but

17. The parents have the burden of proving, and the Court must determine, their constructive trust claim. If the Court determines that the parents have met their burden and are entitled to ownership, then they are the owners. If the Court determines that they are unable to meet their burden, then Ms. Fetman is not only title owner but beneficial owner of the property, along with the debtor.[4]

AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 as if each were more fully set forth herein.

19. Rule 7001(2) of the Federal Rules of Bankruptcy provides for an adversary proceeding to determine the validity, or extent or other interest in property and Rule 7001(9) of the Federal Rules of Bankruptcy provides for an adversary proceeding to obtain a declaratory judgment.

20. The Court should declare and determine the extent and validity of the interests of the parties (including plaintiff's interest) in the Property, including declaring that plaintiff is the owner, along with the debtor, of the Property.

---

        held them and holds them as nominee and in constructive trust for us. The same is true of Tammy's one half interest in 4305 10th Ave."

[3] The trustee alleges:
        The Fetmans claim to be the beneficial owner of the Properties because of a constructive trust over the Properties and that therefore, the Trustee cannot sell the Properties. The Fetmans' claim of ownership is not supported by the facts, the law, and the sworn statements and prior legal positions of the Debtor and the Fetmans. (¶2)

[4] The Trustee must meet the requirements of 11 USC §363(h) for a sale of the property.

21. The Court should permit plaintiff to file a correction deed in New York state court.

AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 as if each were more fully set forth herein.

23. In the alternative, insofar as the deed requires correction or reformation, the deletion of Ms. Fetman's first name was a scrivener's error which should be corrected.

WHEREFORE, plaintiff respectfully demands judgment as against defendants as follows:

(A) Upon the First Cause of Action, declaring and determining the extent and validity of the interests of the parties (including her own interest) in real property identified under Block 5602, Lot 7 in the borough of Brooklyn, commonly known as 4305 10th Avenue, Brooklyn, New York (the "Property"), including declaring that plaintiff is the owner, along with the debtor, of the Property, and including permitting plaintiff to file a correction deed in New York state court.

(B) Upon the Second Cause of Action, judgment correcting or reforming the deletion of Ms. Fetman's first name on the October 27, 2011 deed as a scrivener's error;

(C) Granting such other, further and different relief as this Court deems just, proper, and equitable.

DATED: New York, New York
February 2, 2016

ANDREW CITRON
/s/Andrew Citron

30 Wall Street
8th Floor
New York, NY 10005
(212) 804–5759
Attorney for plaintiff